No. 28.—SEABORN JONES, plaintiff in error, *vs.* FRANCIS M. LAWRENCE, defendant in error.

[1.] Our Statutes, authorizing the proceedings for foreclosure of a mortgage, direct that judgment shall be rendered only for " the amount which may be due." Under these Statutes, therefore, a provisional judgment cannot be rendered (when one instalment of a mortgage debt is due and unpaid,) on instalments which are not due; but resort may be had to a Court of Equity for such a judgment.

Rule, in Muscogee Superior Court. Decision by Judge WORRELL, December Term, 1854.

This was a proceeding to foreclose a mortgage given by Lawrence to Jones, to secure the payment of three notes, due respectively 25th day of December, 1853, 1854 and 1855. In the mortgage, was this clause—" It is further understood between the parties, that if said Lawrence shall fail to pay said notes, or any part thereof, that then the said Jones may foreclose this mortgage for the balance that may remain unpaid on said notes." But one of the notes was due when the petition was filed.

The motion was now made (January, 1855,) to foreclose for the whole amount of all the notes. The Court refused the motion, and this decision is assigned as error.

Jones *vs.* Lawrence.

Judge BENNING did not preside in this case.

J. JONES, for plaintiff in error.

There being no appearance for the defendant, the cause proceeded *ex parte.*

*By the Court.*—STARNES, J. delivering the opinion.

[1.] This was a proceeding instituted under and by virtue of the 17th section of the Judiciary Act of 1799, and the Act of December 26th, 1836, providing for the foreclosure of mortgages on real estate.   Those Acts, in authorizing a proceeding for the foreclosure of a mortgage, after providing that upon petition, a *rule nisi* shall be issued requiring the mortgager to pay the principal, interest, &c. due upon such mortgage, into Court, on or before the first day of the next term, direct that unless the same be paid, "the Court shall give judgment for the amount which may be due on such mortgage, and order the property to be sold," &c.   These Statutes thus authorize a judgment of foreclosure for the amount *which may be due,* and for this only.

Where a debt is due by instalments, upon default made in the payment of one instalment, the mortgage may be foreclosed by proceedings known to a Court of Chancery, and a provisional decree be rendered suitable to the exigency of the case.   The judgment when thus rendered, remains subject to the future order and direction of the Chancellor, and may be put into execution as the successive instalments become due. The right to do this in Equity, is put upon the ground, that a Court of Chancery abhors a multiplication of suits and of costs.   It has been held, therefore, that "It is reasonable, since the plaintiff has been put to his suit to recover the instalment due," that he should have "a decree of foreclosure, to remain subject to the order of the Court upon a subsequent

default." (*Lansing vs. Capron et al.* 1 *John. Ch. R.* 617. *Stanhope vs. Manners,* 2 *Eden.* 197. 2 *Vern.* 135.)

By looking to the decided cases, it will be found that such are the grounds upon which rest the elementary dicta, cited by the plaintiff in error, as favoring the motion submitted by him.

It should be at once perceived, that whilst such a provisional decree befits a Court of Chancery, and may be by the same, properly and appropriately rendered, and whilst the same may be consonant with the principles and purposes of justice, and very convenient and desirable in some cases, yet, that inasmuch as our Statutes, in authorizing the proceeding for foreclosure on the Common Law side of the count, have not provided for such a provisional judgment, and have directed that judgment shall be rendered only for the "amount which may be due," no judgment could be properly rendered on the instalments which were not due upon said mortgage.

But it is insisted, that there is a provision in the mortgage which, in effect, changes the contract; as it appears in the notes, makes all the notes due and payable, as it were, upon the failure of the defendant in error to pay any part of said notes; and judgment may be rendered on the same, as on an amount due.

We think that an examination of this mortgage shows, that the provision in question, (which is given in the statement of facts, to this opinion annexed,) was intended simply to express the usual terms upon which a mortgage may be foreclosed. The language employed is unusual, but it will admit of this signification. The mortgage, indeed, as a whole, is not drawn according to precise and usual forms. Waiving this, however, it is not our opinion that this provision could have been intended to mean, that all the notes should be considered as due, upon failure to pay any one of them, and that it could mean no more than that the creditor should have the right to foreclose, for the whole amount of the notes, upon failure of the debtor to pay any one of them, and that a provisional judgment should be rendered accordingly; that is to

say, that it was an agreement reduced to writing, as to the creditor's right to have such a provisional judgment. But, as we have shown, it is the province of a Court of Chancery to grant such a decree, and our legislation has made no provision for it in the proceeding which it authorizes at Common Law. It follows, therefore, that though the meaning of this feature of the mortgage be what is insisted on, the plaintiff must still go into Equity, if he wants a foreclosure for an instalment not due; and there he may use this agreement as evidence of his right to such a decree.

We add, in conclusion, that it is the inclination of our minds, (though this point is not made in the bill of exceptions, and we are not therefore called on for a formal judgment thereupon,) that there is no reason why judgment might not have been properly rendered for the amount of the notes due in January last, when the *rule absolute* was moved, though but one was due at the time the petition was filed. The *rule nisi* had required the mortgager to show cause why he should not pay *the whole* of said notes into Court at the next term, &c. He was thus so notified, that he might have been prepared with a defence, if any he had, against the claim to foreclosure, for the amount of all or any of the notes. If he had any meritorious defence against the second note, therefore, he might have presented it, and have been prepared to sustain it. We, consequently, incline to think, that as the second note was due, it would have been in accordance with the principles of substantial justice, and of the legislation under which the proceedings were instituted, for the Court to have made the rule absolute, as to both the notes due, at the time when the judgment was rendered.

Let that judgment be affirmed.