No. 58.—FRANCES M. LAWRENCE, plaintiff in error, vs. SEA-
BORN JONES, defendant.

[1.] Where a mortgage covers several instalments, a judgment of foreclosure
may include an instalment which has fallen due intermediate the rule *nisi*
and the rule absolute.

Rule to foreclose mortgage. Muscogee. Decided by
Judge BULL, May Term, 1856.

Seaborn Jones having obtained a rule *nisi* at the June
Term, 1854, afterwards moved a rule absolute to foreclose a
mortgage which had been executed in his favor by Frances
M. Lawrence, on certain real property, to secure the pay-
ment of an aggregate debt of $12.361. This sum is recited
in the mortgage as the consideration for which it was exe-
cuted; and the defeasance clause is as follows:

" Now it is understood between the parties, that the above
mortgage deed is given for the better securing the payment
of three notes, this day given by the said Lawrence to the
said Jones, as follows, to-wit: one for four thousand two
hundred and forty dollars, due on the twenty-fifth day of
December next; one for four thousand five hundred and
twenty dollars, due the 25th day of December, 1854; and
one for three thousand six hundred and one dollars, due the
twenty-fifth day of December, 1855.

And it is further understood between the parties, that if
the said Lawrence shall fail to pay the said notes, or any part
thereof, that then the said Jones may foreclose this deed of
mortgage for the balance that may remain unpaid on said
notes."

(Mortgage dated 22d day of February, 1854.) The rule
recited that the note first due had not been paid at maturity.

The motion to foreclose was resisted on the ground, that
the rule *nisi* was sued out and granted before the note upon
which the judgment of the Court was asked, became due and

payable. The Court ordered the rule to be made absolute, and Counsel for defendant excepted.

WILEY WILLIAMS, for defendant in error.

JONES & JONES, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We see nothing in the Statutes to prevent the practice pursued by the Circuit Judge. Indeed, the words of the law seem rather to authorize it. Nor do we see any material discrepancy between the Act of 1799 and that of 1836, so far as this point is concerned.

The Act of 1836 was passed, not to disallow the practice which had grown up under the old law, nor to settle a disputed point of construction growing out of its peculiar phraseology, as has been supposed by Counsel. No such considerations induced its enactment. It had a definite object in view, as all practitioners of that period will remember. Under its predecessor of 1829, six months had to intervene between two successive terms. Otherwise, the proceeding for foreclosure could not be consummated at the next Court. This was justly considered an evil; and the act of 1836 was passed, requiring the money due *on the mortgage* to be paid on or before the "first day of the next term," instead of "within six months thereafter."

It is true that the words of the Act of 1799 and 1836 are slightly different; but the meaning is the same. They both require the principal, interest and cost due *on the mortgage,* at the *second,* and not at the *first* term, to be paid into Court. The practice under both of these Acts has been precisely the same. At the first term, when the rule *nisi* is taken, we never specify the amount of principal and interest then due; at the second term, when the rule is made absolute, we make an accurate calculation of what is then due, and take judgment accordingly.

What is there to prevent the judgment from including the amount on an instalment that has fallen due, intermediate the two terms? We see no objection to it. It saves trouble and delay to the mortgagee, and cost to the mortgagor.

In Equity, where there are several instalments covered by the same mortgage, the practice is, to take a decree of foreclosure for the whole amount, with a stay of execution on the instalments not due. We should pursue the practice in Chancery, as far as practicable, inasmuch as it is the mere substitution of a Common Law or statutory remedy, for a proceeding by bill.

When these same parties were before this Court at Americus, July, 1855, we said: " It is the inclination of our minds, (though the point is not made in the bill of exceptions,) that there is no reason why judgment might not have been properly rendered for the amount of the note due in January last, when the rule absolute was moved, though but one was due at the time the petition was filed. The rule *nisi* had required the mortgagor to show cause why he should not pay the whole of said notes into Court at the next term. He was thus so notified, that he might have been prepared with a defence, if any he had, against the claim to foreclosure for the amount of all or any of the notes. If he had any meritorious defence against the second note, therefore, he might have presented it. We consequently incline to think, that as the second note was due, it would have been in accordance with the principles of substantial justice, and of the legislation under which the proceedings were instituted, for the Court to have made the rule absolute as to both the notes due at the time when the judgment was tendered." (18 *Ga. Rep.* 277.)

The Circuit Judge acted upon this intimation; and we hold that the judgment was right.